

ENTERED
03/07/2016

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| PETROLEUM PRODUCTS & | § | CASE NO. 16-31201-H1-11 |
| SERVICES, INC. | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

## INTERIM ORDER AUTHORIZING (I) USE OF CASH COLLATERAL, (II) DEBTOR TO INCUR POST PETITION INDEBTEDNESS UNDER 11 U.S.C. §363, §364, §503(b)(1) AND §105 AND (III) SETTING FINAL HEARING

### [RELATED TO DOC. ___]

The above-captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case has moved this Court on an emergency basis for an intermim order authorizing (i) use of cash collateral and (ii) the incurrence of post-petition financing under 11 U.S.C §363, §364, §503(b)(1) and §105 (the "Motion"). The Court set a hearing on the Motion for March 7, 2016 at 1:4_, at which counsel for the parties appeared and presented evidence and oral argument. The Motion was presented to the Court as a "first day" motion, and complies with the requirements of Bankruptcy Rule 4001(d). Notice of the Motion and the interim hearing is proper and sufficient under the exigent circumstances of the Motion and the relief granted in this Interim Order has been granted in accordance with Bankruptcy Code §§ 102(1), 361 and 363, and Bankruptcy Rules 2002 and 4001. After careful consideration of all matters before it, the Court is of the opinion that the estate would incur irreparable injury if Debtor's Motion is not granted. Therefore, it is

{851257-00008 TJJ 3/4/2016 01037886.DOCX 1 }

ORDERED that Debtor is hereby authorized to use cash collateral solely for the purposes set forth on the budget attached as Exhibit "A" with up to a 10% line item ~~and total~~ variance on budgeted amounts, from the date this order is signed through date of the final hearing; it is further

ORDERED that the parties stipulate that JP Morgan Chase Bank holds valid, perfected and unavoidable liens in the Collateral[1], and is hereby granted replacement liens and security interests, to the extent they existed as of the Petition Date, on all assets of the Debtor and its estate, whether now existing or hereafter acquired, and the proceeds, income and profits and offspring of any of the foregoing, to secure the Debtor's use of cash Collateral, whether pursuant to this Order or otherwise, and to secure any diminution in value of the Collateral ("Replacement Liens").  Such Replacement Liens and security interests (i) are subordinate only to any prior existing and validly perfected liens and security interest in such assets, and (ii) shall attach in the same order of priority that existed as to the Collateral under applicable non-bankruptcy law as of the Petition Date, and to the extent of cash collateral that is actually used.  This stipulation shall not be binding on any other parties and without prejudice to the parties seeking additional relief in a final order; it is further

ORDERED that the Replacement Liens will not attach to any avoidance actions under Chapter 5 of the Bankruptcy Code; it is further

ORDERED that the Replacement Liens granted pursuant to this Interim Order to secure the Adequate Protection Obligations shall constitute valid, enforceable and duly perfected security interests and liens, and the Lender shall not be required to file or serve financing statements, notices of lien or similar instruments which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and

---

[1] Capitalized terms not otherwise defined have the meaning ascribed in the Motion.

perfect such security interests and liens; and the failure by the Debtor to execute any documentation relating to the Replacement Liens shall in no way affect the validity, perfection, enforceability or priority of such Replacement Liens. If, however, JPMorgan Chase Bank, in its sole discretion, shall determine to file any such financing statements, notices of lien or similar instruments, or to otherwise confirm perfection of such Replacement Liens, the Automatic Stay is hereby lifted to allow the filing and recording of a certified copy of this Interim Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded on the date of this Interim Order.

ORDERED that notwithstanding anything to the contrary in any other order of this Court, the financial institutions where the Debtor's bank accounts are located (a) are authorized to accept and honor all representations from the Debtor as to which checks, drafts, wires or ACH transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and (b) have no duty to independently inquire as to whether such payments are authorized by an order of this Court; it is further

ORDERED that the financial institutions where the Debtor's bank accounts are located shall implement reasonable handling procedures in coordination with the Debtor designed to effectuate the terms of this Interim Order. No financial institution that implements such handling procedures and then honors a pre-petition check or other item drawn on any Bank Account that is the subject of this Interim Order either (i) in good faith belief that the Court has authorized such pre-petition check or item to be honored or (ii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtor or its estate otherwise in violation of this Interim Order; it is further.

ORDERED that the Debtor is hereby authorized to enter into the DIP Promissory Note attached to the Motion; it is further,

ORDERED that the Debtor may draw so much of the funds necessary to pay expenses in accordance with the budget attached hereto as Exhibit "A", with up to a 10% total variance on budgeted amounts; it is further,

ORDERED that said claim shall have, pursuant to Bankruptcy Code § 364(a), the priority of an expense of administration in the Debtor's bankruptcy case under §§ 503(b)(1) of the Bankruptcy Code and will only be subordinate to (a) the fees and expenses of the Clerk of the Court or the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) (b) the outstanding and unpaid post-petition fees and expenses of the professionals retained by the Debtor pursuant to Orders of this Court entered in accordance with §§ 327 and 1103 of the Bankruptcy Code. This provision is not intended to provide this claim with a super-priority. It is further,

ORDERED that a final hearing on Debtor's Motion to Use Cash Collateral is hereby set for the __21__ day of March 2016, at __1:30__ _p.m._, Courtroom 404, 515 Rusk, Houston, Texas 77002.

SIGNED: 3-7-16

_____
UNITED STATES BANKRUPTCY JUDGE